## Hessling's Petition

*A. G. Rutherford,* for exceptant.

*C. E. Bodie,* for respondent.

SWOYER, P. J., October 19, 1935.—On October 8, 1935, respondent Joseph W. Hessling filed with the Commissioners of Wayne County his petition for printing the name of the said Joseph W. Hessling as the candidate of the "Independent Party or Policy" for the office of coroner on the official ballot for the general election of 1935. This petition consists of two sheets of paper pasted together, the first sheet of which names respondent as the candidate of the Independent Party or Policy and contains the signatures of 110 electors; the second sheet names the said respondent as the candidate of the "Independent Citizens Party or Policy" and contains the signatures of 42 electors. It is conceded that the second sheet was attached to the first sheet before the affidavit, that it was filed within the time limit prescribed for filing such nomination petitions, and that two percent of the highest vote cast for any candidate at the last preceding general election is 145.

One Daniel Herr, an elector of Wayne County, filed exceptions to the said nomination petition and it is upon these exceptions that the matter is before the court. The question before us is to determine whether the petition as filed is one petition for the nomination of Joseph W. Hessling as the candidate of the "Independent Party or Policy" for the office of coroner and containing the signatures of 152 electors, or whether in reality it is two petitions, one for such nomination on the "Independent Party or Policy" ticket containing 110 names and one for such nomination on the "Independent Citizens Party

or Policy" ticket containing the signature of 42 electors. If it is but one petition, then it is valid, since it contains the names of more than 145 electors, that number being two percent of the highest vote cast for any candidate at the last general election in the district. If it is two petitions, then both are void since neither contains the required number of signatures: See opinion filed this day in The Matter of the Petition of C. B. Cobb, no. 359, June term, 1935.

We are of the opinion that it must be regarded as one petition, defective in that there is some confusion as to the party designation, but amendable. Under the act of assembly and the decisions of the courts, the only ground on which a petition may be held to be invalid is that the party had no right to file it: See Town Meeting Party Nomination Papers, 26 Dist. R. 961.

Our several acts of assembly provide for amendments.

"The officers with whom nomination papers have been filed shall permit the political parties or bodies who have filed them to amend them, of their own motion, at any time prior to the printing of the ballot": June 10, 1893, P. L. 419, sec. 6; July 9, 1897, P. L. 223; April 21, 1903, P. L. 224, sec. 1; July 9, 1919, P. L. 832, sec. 2.

Further, our courts have held that such amendments may be made, even by the candidate himself:

". . . an amendment may be made by a person duly authorized": Savage's Nomination, (No. 3), 15 Pa. C. C. 508; Thropp's Nomination Paper, 18 Pa. C. C. 234; Howell's Nomination et al., 5 Dauph. 304.

"The alleged defects, however, are clearly amendable": Robinson's Nomination, 7 Dist. R. 639.

The situation is clearly summed up in Challenger's Nomination, 30 Pa. C. C. 477, as follows:

"The only objection for which the court is authorized to decree a nomination certificate or nomination paper void is that which goes to the right of the party to file the same. No other is mentioned in the act, and the court is not at liberty to add to it.

"But when objection is made because the nomination paper lacks or is deficient in something which the act requires, the court is directed to indicate the amendment and to give time to amend. If there is any doubt on the subject, the doubt ought to be resolved in favor of the elector.

"Where the parties have already voluntarily amended the nomination paper objected to, there is no need for the court to make any direction."

Having found that Mr. Hessling's petition is not void but merely defective and that he has a right to amend the same, it becomes our duty to permit and to direct the form of the amendment.

"But when objection is made because the nomination paper lacks or is deficient in something which the act requires, the court is directed to indicate the amendment and to give time to amend": Challenger's Nomination, 30 Pa. C. C. 477.

We find an almost parallel case in Savage's Nomination, 15 Pa. C. C. 508. In that case, Savage, an independent candidate for the office of State senator, used in his nomination petition the title of "Citizens' Democratic Party". An objection was made that the word "Democratic", being the title of another existing political party, was improperly used in this connection. The court sustained the objection, but permitted the candidate to amend his petition by striking the word "Democratic" from the petition, leaving it to read "Citizens' Party". This we will do in the instant case.

### Order

Now, to wit, October 19, 1935, for the reasons hereinbefore set forth, the respondent Joseph W. Hessling is permitted to amend his petition by striking out from the second sheet therein the word "Citizens", leaving it to read "Independent Party or Policy", said amendment to be made within three days after receipt by him or his counsel of a copy of this order. Record costs of this proceeding to be paid by the said Joseph W. Hessling.